UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVER LINING ENTERPRISES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW GEN ENTERPRISES, LLC,<br><br>    Defendant. | Case No. 25–cv–01304–ESK–SAK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on defendant New Gen Enterprises, LLC's motion to dismiss. (ECF No. 14.) For the following reasons, the motion will be DENIED.

    **I.    BACKGROUND**

    **A.    Factual Background**

    Plaintiff is an Oklahoma limited liability company in the business of reselling luxury products. (ECF No. 13 (Am. Compl.) ¶¶ 1, 7.) Plaintiff's only member is a citizen of Oklahoma. (*Id.* ¶ 2.) Defendant is a New Jersey limited liability company that sells luxury products in bulk. (*Id.* ¶ 3.) Defendant's members are citizens of New Jersey, Connecticut, and Illinois. (*Id.* ¶ 4.)

    In May 2020, plaintiff began talks to purchase bulk quantities of various Gucci products from defendant. (*Id.* ¶¶ 8–12.) Plaintiff informed defendant it would require an "open invoice trail" to prove the authenticity of the products as plaintiff would otherwise be unable to resell the products. (*See id.* ¶¶ 13, 14.) On August 13, defendant sent plaintiff "an alleged open invoice trail." (*Id.* ¶ 15.) On August 14, plaintiff objected to certain inconsistencies in the

invoice and asked defendant to resend it. (*Id.* ¶¶ 16–19.) On August 16, defendant provided plaintiff what it alleged was a corrected and "unsanitized" (unaltered) open invoice trail. (*Id.* ¶¶ 20, 21.)

On August 20, the parties entered into an agreement regarding a deposit to be paid by plaintiff to defendant (Deposit Agreement). (*Id.* ¶¶ 22–30.) On August 21, plaintiff paid defendant $239,265.30 as a deposit for the purchase of the products. (*Id.* ¶ 31.) On September 1, plaintiff sent defendant two purchase orders for the goods, which were signed by defendant's authorized representative. (*Id.* ¶¶ 23, 24.) The terms of these purchase orders required, *inter alia*, that defendant "provide full unsanitized invoice trail back to the authorized vendor," though the terms allowed the prices to be redacted. (*Id.* ¶¶ 25–28.)

When defendant failed to deliver the final, unsanitized invoices for the products, plaintiff notified defendant that it was canceling the contract and demanded a refund. (*Id.* ¶¶ 32–35.) Defendant made repeated assurances between September and November that it was seeking an alternate purchaser and that it would refund the deposit after it had done so. (*Id.* ¶¶ 37–46.) For example, on September 24, 2020, defendant advised plaintiff that it did not have the funds on hand to refund the deposit and it was "not in the business of keeping people's money." (*Id.* ¶ 40.) Plaintiff believes, "[u]pon information and belief, [defendant] sold the Gucci Products to an alternative buyer after February 19, 2021, yet has still failed to return the deposit." (*Id.* ¶ 46.)

### B. Procedural History

Plaintiff filed the original complaint on February 19, 2025. (ECF No. 1 (Compl.)). Pursuant to leave granted (ECF No. 12), plaintiff filed an amended complaint on May 30, 2025 (Am. Compl.). Plaintiff asserts claims for breach of contract, breach of the purchase orders, and breach of the Deposit Agreement.

Prior to the instant case, on February 12, 2021,[1] plaintiff filed a complaint with substantially similar allegations and claims against defendant[2] in the Western District of Oklahoma. *Silver Lining Enters. v. Worldwise Fashion Consulting LLC*, No. 21–00112, ECF No. 1 (W.D. Okla. Feb. 12, 2021). On March 26, 2021, defendant filed a motion to dismiss, which plaintiff opposed. *Id.* at ECF Nos. 12, 17. On December 18, 2023, the court granted defendant's motion and dismissed the complaint for lack of personal jurisdiction. *Id.* at ECF No. 26, 2023 WL 8719624, at *1.

The court did not transfer the case to this district under 28 U.S.C. § 1631.[3] Instead, the court dismissed the case despite the Tenth Circuit's direction that "where the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course ... [is] to transfer the action pursuant to [§ 1631].'" (alterations and omission in original). *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006) (quoting *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987)). And the court did not provide a reason for dismissal. *Silver Lining Enters., LLC*, 2023 WL 8719624; *see also Trujillo* 465 F.3d at 1223 ("Where, as here, '[a]

---

[1] Defendant alleges that this complaint was filed on February 21, 2021, (ECF No. 14–1 (Mot. Br.) p. 7), but a review of the relevant docket shows that it was filed on February 12, 2021. As I will discuss, this is a material distinction.

[2] Plaintiff dealt with both Worldwise Fashion Consulting, LLC and defendant in negotiating the purchase of the products but ultimately entered into a contract with defendant. (*See* Am. Compl. ¶¶ 8–12, 22–24.)

[3] Section 1631 provides:

Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

3

district court … does not exercise its discretion, or makes a decision without providing reasons, [it] abuses that discretion.'") (alterations and omission in original) (quoting *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995)).  Plaintiff did not appeal the dismissal and the time to appeal has expired.  *See* Fed. R. App. P. 4(a).

## II.  MOTIONS TO DISMISS

### A.  Standard

Prior to the filing of a responsive pleading, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  To survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and—accepting the plaintiff's factual assertions, but not legal conclusions, as true—"'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" *id.* at 342 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Courts further evaluate the sufficiency of a complaint by "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B.  Summary of Arguments

Defendant argues that a four-year statute of limitations applies to plaintiff's claim, and, accordingly, plaintiff's complaint must be dismissed because it was filed outside that period.  (Mot. Br. p. 15 (citing N.J. Stat. Ann. § 12A:2–725)).  Defendant also argues that plaintiff's attempt to invoke

4

"equitable estoppel"[4] does not excuse the failure to file this action within the statute of limitations because "equitable estoppel" is not plausibly alleged in the complaint and because plaintiff nonetheless timely asserted its claim in Oklahoma. (*Id.* pp. 20, 21.) Defendant also alleges that plaintiff's 14-month delay in re-filing after dismissal of the Oklahoma complaint voids any claim of "equitable estoppel." (*Id.* pp. 21, 22.)

Plaintiff does not dispute that New Jersey law applies. (Opp'n p. 4.) It argues that equitable tolling extends the statute of limitations by the period during which the case was pending in Oklahoma and during the period in which defendant claimed it would refund the deposit after selling the products to another buyer. (*Id.* pp. 7–11.) It also argues that the Deposit Agreement is not "a contract for the sale of goods" and, accordingly, New Jersey's six-year statute of limitations under N.J. Stat. Ann. § 2A:14–1(a) applies. (*Id.* pp. 9, 10.)

In its reply brief, defendant argues equitable tolling does not apply because plaintiff did not act with the required diligence for the circumstances. (ECF No. 16 (Reply) pp. 4, 5.) It also argues the Uniform Commercial Code (UCC) applies to the entirety of the transaction because the transaction's "dominant purpose" was the sale of goods and because the Deposit Agreement is "inextricably linked" to the sale of the products. (*Id.* pp. 5–8.) Finally, it argues plaintiff's prompt filing in Oklahoma demonstrates it was not deterred by any of the alleged misrepresentations by defendant. (*Id.* pp. 8–10.)

---

[4] Defendant alleges that plaintiff was attempting to invoke equitable estoppel when it stated that it delayed filing the complaint because of defendant's assurances that it would refund the deposit after selling the goods to a third party and that such a sale occurred "after February 19, 2021." (Mot. Br. p. 8.) However, plaintiff did not raise equitable estoppel as a defense to the statute of limitations. (*See* ECF No. 15 (Opp'n)).

## III. DISCUSSION

### A. **Applicable Statute of Limitations**

Defendant argues that the Deposit Agreement is a contract for the sale of goods subject to the four-year statute of limitations in N.J. Stat. Ann. §12A:2–725. (Mot. Br. p.18.) In response, plaintiff alleges the Deposit Agreement is a "separate and distinct contract from the Purchase Orders which addresses the wholly separate issue of what rights and obligations the parties have regarding [plaintiff]'s Deposit" and is therefore a general contract subject to the six-year statute of limitations in N.J. Stat. Ann. §2A:14–1(a). (Opp'n p.9.)

"[A] federal court must apply the substantive laws of its forum state in diversity actions…. [T]hese include state statutes of limitations …." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d. Cir. 2007) (citation omitted). In determining whether a contract is for the sale of goods, New Jersey courts "examine the whole transaction between the parties and look to the essence or main objective of the parties' agreement." *Midland Funding LLC v. Thiel*, 144 A.3d 72, 78 (N.J. Super. Ct. App. Div. 2016) (quoting *Docteroff v. Barra Corp. of Am.*, 659 A.2d 948, 953 (N.J. Super. Ct. App. Div. 1995)). Agreements related to the financial terms of such a sale, including financing agreements with third parties, are accordingly subject to the four-year statute of limitations. *Id.* ("[T]he fact that a third-party creditor provided the financing for a sale of goods did not change the nature of the transaction as a sale of goods.").

Here, the Deposit Agreement is inextricably linked to the transaction for the sale of the products. It sets the amount of the deposit at 20 percent of the price of the purchase orders. (Am. Compl. ¶29.) The Deposit Agreement involves the same parties as the purchase orders and specifically identifies the purchase orders (and related invoices) by number. (*Id.*) Further, it describes additional terms and conditions related to the sale of goods, including the specific location of an inspection by plaintiff's agent, the time in which the goods

6

must be picked up, terms for the remaining payment due, and circumstances in which defendant must refund the deposit. (*Id.*) The claim for breach of the Deposit Agreement cannot be resolved without considering the contract for sale as plaintiff's cause of action only arises from defendant's alleged failure to deliver the goods in the purchase orders. Accordingly, the four-year statute of limitations in §12A:2–725 applies to both the Deposit Agreement and the purchase orders.

### B. Accrual and Statutory Extension

Defendant argues that plaintiff's cause of action accrued on September 15, 2020—the date on which plaintiff canceled the contract and demanded a return of the deposit. (Mot. Br. p.7.) It argues that plaintiff's "vague assertion of a sale 'after February 19, 2021'" is "fatally deficient" and lacks the plausibility required to survive a motion to dismiss. (*Id.* p.21.) However, as discussed below, I need not address whether such an allegation is plausible because it is not relevant to resolve the issue.

Here, plaintiff filed the complaint in Oklahoma on February 12, 2021, by which time plaintiff clearly believed a breach had occurred. Regardless of whether the cause of action accrued on September 15, 2020, or on February 12, 2021, the instant complaint, filed on February 19, 2025, plainly falls outside the four-year statute of limitations. Without tolling, the latest possible date on which the statute of limitations could have run was February 12, 2025. Therefore, plaintiff's instant complaint fell outside the statute of limitations by anywhere from seven days to five months and four days.

N.J. Stat. Ann. §12A:2–725(3) extends the statute of limitations for six months after a dismissal of a complaint for, *inter alia*, lack of jurisdiction. There is no dispute that the instant complaint did not exceed the statute of limitations by more than five months and four days. However, §12A:2–725(3) only extends the statute of limitations to six months *after dismissal*. Here,

7

plaintiff waited more than six months to re-file. Therefore, the extension afforded by this section cannot cure the violation of the statute of limitations. Notably, however, §12A:2–725(4) expressly states that it does not preclude the application of any form of tolling.

### C. Equitable Tolling

Plaintiff argues that equitable tolling should excuse any technical violation of the statute of limitations. Defendant argues that equitable tolling should not apply because plaintiff waited 14 months after the Oklahoma complaint was dismissed to file the instant complaint. (Reply p.10.)

Plaintiff relies on the holding in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), and on several unpublished decisions, to support its equitable tolling argument. (Opp'n p.8.) However, these cases concern the statute of limitations for claims brought under federal law. "As a federal court sitting in diversity, we must, pursuant to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), apply the relevant state's substantive law, which includes its statute of limitations as that law has been set forth by its legislature or highest court." *Jaworowski v. Ciasulli*, 490 F.3d 331, 333 (3d Cir. 2007) (cleaned up).

New Jersey courts employ the doctrine of equitable tolling to "flexibly appl[y]" the statute of limitations to avoid putting plaintiffs out of court for purely procedural reasons. *Id.* at 335. "It is now well settled in New Jersey that statutes of limitation will not be applied when they would unnecessarily sacrifice individual justice under the circumstances." *Zaccardi v. Becker*, 440 A.2d 1329, 1336 (N.J. 1982). The statute of limitations may not be enforced in a manner that would do "violence" to the purpose intended by the Legislature. *See Jaworowski*, 490 F.3d at 334, 336 (quoting *Galligan v. Westfield Ctr. Serv., Inc.*, 412 A.2d 122, 125 (N.J. 1980)). Whether equitable tolling would run

counter to the goals of the statute of limitations is a fact-sensitive inquiry within a court's discretion. *See id.* at 336.

The goals of New Jersey's statutes of limitations are "to promote the diligent and prompt assertion of rights by plaintiffs, to ensure the defendants' 'ability to answer the allegations against them,' to 'create … desirable security and stability in human affairs' by fostering 'eventual repose,' and to spare the courts from the burden of stale claims." *Id.* at 334 (quoting *Galligan*, 412 A.2d at 124). Tolling in cases when a defendant has received notice does not undermine the goal of ensuring that defendants receive timely notice of claims against them. *See Dixon Ticonderoga Co. v. Est. of O'Connor*, 248 F.3d 151, 168 (3d Cir. 2001). Notice of an action filed in an improper forum is sufficient notice for this purpose. *See Jaworowski*, 490 F.3d at 335.

In *Binder v. Price Waterhouse & Co.*, the court found equitable tolling inapplicable when a plaintiff waited eight months after dismissal to re-file. 923 A.2d 293, 294 (N.J. Super. Ct. App. Div. 2007). However, several important distinctions exist between *Binder* and this case. *Binder* involved a six-year statute of limitations, which began to run in 1992. *Id.* at 295. The first case, in federal court, was not filed until 1997, and was not dismissed until 2004. *Id.* Eight months later, in 2005, the plaintiff re-filed a complaint in state court. *Id.* at 296. However, that complaint was dismissed for failure to prosecute, then re-filed more than a year after the federal dismissal. *Id.* In upholding the state dismissal, the court accordingly emphasized that the elapsed period of *over a decade* would have caused memories to fade and that the statute of limitations was "long-expired," having run in 1998. *Id.* at 300.[5]

---

[5] *Binder* also relied heavily on its interpretation of 28 U.S.C. § 1367(d), in which it found that the tolling provision provided 30-days to re-file when the statute of limitations had expired. 923 A.2d at 297. This interpretation of § 1367(d) was abrogated by the Supreme Court, which held that it instead paused the clock on the

9

Here, the statute of limitations at issue is nowhere near "long-expired." Assuming, *arguendo*, that defendant is correct that the statute of limitations began to run on September 15, 2020, the earliest date on which it could have lapsed was September 15, 2024. Plaintiff filed the instant action on February 19, 2025, only five months after that date. (*See* Compl.) Additionally, unlike the plaintiff in *Binder*, plaintiff has diligently pursued this action since re-filing. While plaintiff may not have exercised diligence in the manner that defendant would have preferred, (*see* Reply pp. 4, 5), any slight prejudice that potentially could have occurred does not justify denying plaintiff relief by dismissing the complaint.

Accordingly, I find that plaintiff is entitled to equitable tolling for the period from the date the complaint was filed in Oklahoma—February 12, 2021—to the date of dismissal. Ruling otherwise would "unnecessarily sacrifice … justice under the circumstances," *Zaccardi*, 440 A.2d at 1336, and run counter to the intent of New Jersey's statute of limitations.

### IV. CONCLUSION

For the foregoing reasons, the Motion will be DENIED. An appropriate order accompanies this opinion.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: November 25, 2025

---

statute of limitations until 30 days after dismissal. *Artis v. District of Columbia*, 583 U.S. 71, 75 (2018).