**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SILVER LINING ENTERPRISES, LLC,**<br>**Plaintiff,**<br>**v.**<br>**NEW GEN ENTERPRISES, LLC,**<br>**Defendant.** | **Case No. 25–cv–01304–ESK–SAK**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

Last the parties engaged in motion practice, defendant New Gen Enterprises, LLC (New Gen) sought to dismiss plaintiff Silver Lining Enterprises, LLC's (Silver Lining) claims as untimely. The Court denied that motion, concluding that Silver Lining was entitled to equitable tolling. New Gen answered, asserted a counterclaim, and now sings a different tune while opposing dismissal. It believes that the same equitable tolling applied to Silver Lining should apply to it. But New Gen provides no basis for treating its circumstances and Silver Lining's as one and the same. Because New Gen does not meet its burden of showing that it is entitled to equitable tolling, Silver Lining's motion to dismiss (ECF No. 34 (Mot. Dismiss Countercl.)) will be granted.

## I. BACKGROUND

### A. The Counterclaim

Silver Lining is a limited liability company whose sole member is an Oklahoma citizen. (ECF No. 25 (Answer) p. 9.) New Gen is a limited liability company whose members are citizens of Connecticut, Illinois, and New Jersey.

(*Id.* pp. 8, 9.) Both parties are in the business of purchasing goods for sale to third-party vendors. (*Id.* p. 9.)

In April 2020, the parties entered into discussions for Silver Lining to purchase Gucci-branded products from New Gen for the purpose of reselling them to Costco. (*Id.*) They thereafter entered into two purchase orders on July 8, 2020 and July 23, 2020, both of which required New Gen to provide an unsanitized invoice trail to be approved before transmittal of any deposit. (*Id.* p. 10.) A deposit agreement followed on August 20, 2020, which provided that Silver Lining would wire 20 percent of the value of the purchase orders upon approval of the unsanitized invoice trail. (*Id.*) Goods were to be inspected by Silver Lining and, presuming no issues, the purchase order balances were to be wired within 24 to 48 hours. (*Id.*)

An unsanitized invoice trail was provided to Silver Lining between August 13, 2020 and August 16, 2020 and Silver Lining advised of Costco's approval on August 18, 2020. (*Id.* p. 11.) Silver Lining wired the 20-percent deposit to New Gen on August 21, 2020. (*Id.*) The inspection of the goods took place on September 2, 2020. (*Id.*) Silver Lining advised on September 4, 2020 that it would wire the purchase order balances pursuant to the deposit agreement. (*Id.*) This same representation was made on September 7, 2020. (*Id.*) But on September 9, 2020, Silver Lining informed New Gen that it would not move forward with the purchase and instead requested a refund of the deposit. (*Id.*)

### B. <u>Procedural History</u>

This action was initiated in this District by Silver Lining on February 19, 2025, stemming from the same set of purchase orders and deposit agreement. (ECF No. 1.) As amended, Silver Lining asserts two counts: breach of the purchase orders and breach of the deposit agreement. (ECF No. 13 (Am. Compl.) pp. 6, 7.) New Gen moved to dismiss, asserting that New Jersey law

applied and that Silver Lining's complaint was untimely under the applicable four-year statute of limitations. (ECF No. 14.)

I denied New Gen's motion in a November 25, 2025 opinion and order. (ECF No. 19 (Nov. 25, 2025 Op.); ECF No. 20.) I agreed with New Gen that the four-year statute of limitations of N.J. Stat. Ann. §12A:2–725 applied to both the deposit agreement and purchase orders. (Nov. 25, 2025 Op. pp. 6, 7.) Therefore, regardless of whether Silver Lining's claim accrued on September 15, 2020—as New Gen advocated—or on February 12, 2021, the complaint was facially untimely. (*Id.* p. 7.)

I also noted that Silver Lining had filed a substantially similar complaint in the Western District of Oklahoma in February 2021. (*Id.* p. 3.) That complaint was dismissed for lack of personal jurisdiction without an order transferring the action to another district. (*Id.*) I concluded that the statute of limitations had expired no more than five months before Silver Lining's complaint filed in this District and that it had diligently pursued its claims after refiling. (*Id.* p. 10.) I accordingly held that equitable tolling was warranted from the date of Silver Lining's complaint filed in the Western District of Oklahoma to the date of dismissal. (*Id.*)

New Gen subsequently filed its answer, which asserts a single counterclaim for breach of contract. (Answer p. 12.) Pursuant to my Rules and Preferences, Silver Lining filed a pre-motion letter to move to dismiss the counterclaim (ECF No. 27) to which New Gen responded (ECF No. 29). I granted Silver Lining leave to move to dismiss in a January 21, 2026 text order. (ECF No. 31.) The pending motion followed (Mot. Dismiss Countercl.), to which New Gen has filed an opposition (ECF No. 35 (New Gen Opp'n Br.)).

## II. STANDARD AND PARTY ARGUMENTS

### A. Motions to Dismiss

Prior to the filing of a responsive pleading, a movant may seek to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive dismissal under Federal Rule of Civil Procedure (Rule) 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and—accepting the plaintiff's factual assertions, but not legal conclusions, as true—"'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" *id.* at 342 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts further evaluate the sufficiency of a complaint by "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). This same standard applies to motions to dismiss counterclaims. *Lento v. Altman*, Case No. 24–01899, 2025 WL 914306, at *2 (3d Cir. Mar. 26, 2025).

### B. Party Arguments

Silver Lining asserts that the Court has held that the latest possible date in which the statute of limitations could have run was February 12, 2025 and thus New Gen's counterclaim—filed as part of its December 23, 2025 answer—is untimely. (ECF No. 34–1 (Silver Lining Mot. Br.) p. 6.) New Gen has never before sought to assert counterclaims, including following dismissal of the Western District of Oklahoma complaint. (*Id.*) Fairness does not entitle New Gen to relief, according to Silver Lining. (*Id.*) Equitable tolling requires

diligence and Silver Lining has pursued its claims diligently while New Gen has not. (*Id.* pp. 6, 7.)

New Gen responds that the same equitable tolling applied to Silver Lining's claims should apply here. (New Gen Opp'n Br. p. 9.) The filing of a complaint tolls the limitations period for a compulsory counterclaim, therefore its counterclaim was tolled by the February 19, 2025 filing of Silver Lining's complaint. (*Id.* pp. 9, 10.) The Court has already held that Silver Lining's claim had not long-expired. (*Id.* p. 10.) The purpose of statutes of limitations would also not be served by barring its claim, according to New Gen. (*Id.*) Its counterclaim should not be considered untimely when it rests on the same facts as required to support Silver Lining's claims. (*Id.* p. 11.) Dismissal will also not promote repose or efficiency and Silver Lining does not face prejudice as the same facts and witnesses will be necessary to establish both parties' claims. (*Id.*)

## III. DISCUSSION

The parties' arguments set the stage for a seemingly straightforward question: whether New Gen's counterclaim is timely. If so, the motion fails. If not, the counterclaim is to be dismissed. The running of a statute of limitations is technically an affirmative defense to be asserted in an answer as opposed to a motion to dismiss. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). A complaint may nonetheless be dismissed on statute-of-limitations grounds when the defense is apparent on its face. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

At the outset, I disagree with Silver Lining that December 23, 2025—the day New Gen filed its answer—is the relevant date for determination of the timeliness of New Gen's counterclaim. *See Logic Tech. Dev. LLC v. Levy*, Case No. 17–04630, 2019 WL 6875337, at *2 (D.N.J. Dec. 17, 2019) (finding that the plaintiff incorrectly assumed that the filing of the answer was the correct date

on which to rely for its statute-of-limitations defense).[1] Rather, the statute of limitations for compulsory counterclaims is tolled by the filing of the complaint. *Legal Cap. Grp., LLC v. Callagy*, Case No. 20–05124, 2025 WL 999824, at *6 (D.N.J. Mar. 31, 2025); *see also Giordano v. Claudio*, 714 F. Supp. 2d 508, 522–23 (E.D. Pa. 2010) ("Although Rule 13 does not provide for relation back, the majority view is that '"the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim."'" (quoting *Albert Einstein Med. Care Found. v. Nat'l Benefit Fund for Hosp. & Health Care Emps.*, Case No. 89–05931, 1991 WL 114614, at *11 (E.D. Pa. June 21, 1991))). It is thus necessary to determine whether New Gen's counterclaim is compulsory or permissive. *See Legal Cap. Grp.*, 2025 WL 999824, at *6.

A counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). A counterclaim arises out of the same transaction or occurrence as the plaintiff's claim when they share a "logical relationship." *Ares Trading S.A. v. Dyax Corp.*, 114 F.4th 123, 135–36 (3d Cir. 2024) (quoting *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 121 (3d Cir. 2014)). Claims are logically related when "separate trials on each … would involve a substantial duplication of effort and time by the parties and the courts." *Id.* at 136 (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)).

Here, Silver Lining's claims (Am. Compl. pp. 6, 7) and New Gen's counterclaim (Answer p. 12) are each premised on the opposing party's alleged

[1] Though Silver Lining refers to the December 23, 2025 filing of the answer, it otherwise acknowledges "that the institution of a plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim." (Silver Lining Mot. Br. p. 5 (quoting *Goydos v. Rutgers, State Univ.*, Case No. 19–08966, 2024 WL 1329253, at *7 (D.N.J. Mar. 28, 2024))).

breach of the same purchase orders and deposit agreement. They thus unambiguously arise out of the same transaction. *See* Fed. R. Civ. P. 13(a); *Legal Cap. Grp.*, 2025 WL 999824, at *6 (finding that a logical relationship existed between claims and counterclaims premised on the same funding agreement). New Gen's counterclaim is thus compulsory and the statute of limitations on its counterclaim tolled on February 19, 2025, the date Silver Lining filed its complaint. *See Legal Cap. Grp.*, 2025 WL 999824, at *6.

New Gen is still not out of the woods. I have already ruled that "[w]ithout tolling, the latest possible date on which the statute of limitations could have run was February 12, 2025," a week before the complaint was filed. (Nov. 25, 2025 Op. p. 7.) "[I]f defendant's claim already is barred when plaintiff brings suit, the notion of tolling the statute is inapplicable and the fact that the tardily asserted claim is a compulsory counterclaim does not serve to revive defendant's right to assert it." 6 Mary Kay Kane & Howard M. Erichson, Fed. Prac. & Proc. Civ. § 1419 (3d ed. 2026); *see also Pompa v. St. Luke's Hosp.*, Case No. 21–01378, 2023 WL 2332250, at *4 n. 3 (M.D. Pa. Mar. 2, 2023) (finding that tolling was inapplicable to the defendants' counterclaims because the statute of limitations had run out by the time the plaintiff filed the complaint).

New Gen, as it acknowledges, still needs the Court to equitably toll the statute of limitations for its claim to survive. Because I have already adopted New Jersey's statute of limitations (Nov. 25, 2025 Op. pp. 6, 7), I also apply its tolling principles, *see Fisher v. Hollingsworth*, 115 F.4th 197, 212 (3d Cir. 2024). New Jersey applies equitable tolling in "very limited circumstances": 1) when the party has been actively misled by its opponent, 2) when the party has been prevented from asserting its rights "in some extraordinary way," or 3) when the party has timely—but mistakenly—asserted its rights in the wrong forum. *Id.*

(quoting *Barron v. Gersten*, 277 A.3d 502, 504 (N.J. Super. Ct. App. Div. 2022)).[2] Equitable tolling is permitted under "these three circumstances only if the [party] also exercises diligence." *Id.* at 213. It is New Gen's burden to prove entitlement to equitable tolling and it is within my discretion to determine whether tolling is appropriate. *See Green v. Potter*, 687 F. Supp. 2d 502, 516 (D.N.J. 2009).

One might anticipate that a party seeking to assert an admittedly time-barred claim would identify these circumstances and go to pains to advocate for the applicability of one or more of them. One would be mistaken. New Gen does not assert that any of these circumstances apply or even bother to explain its belatedly asserted counterclaim.[3] Rather, it essentially argues that consideration of its counterclaim would not be prejudicial or inefficient because the Court must consider potential breach of the orders and agreement anyway and that it would be inequitable to allow Silver Lining's claims to proceed and not its counterclaim. (New Gen Opp'n Br. pp. 10, 11.)

New Gen's brief speaks nothing of its own diligence, or lack thereof, which it acknowledges is an objective of statutes of limitations. (*Id.*) On my own, I cannot identify any prompt attempt by New Gen to assert its rights. This, alone, is dispositive. *See Fisher*, 115 F.4th at 213. Its actions stand in stark contrast to Silver Lining, who timely asserted its claim in an improper forum and belatedly—but diligently—prosecuted its case in this District. (Nov. 25,

[2] New Jersey courts' standard for applying equitable tolling "is essentially the same" as the Third Circuit's standard. *Fisher*, 115 F.4th at 213.

[3] The closest New Gen comes to explaining itself is by representing that it successfully moved to dismiss the Western District of Oklahoma complaint on personal jurisdiction grounds and therefore never filed an answer with counterclaims. (New Gen Opp'n Br. pp. 4, 7.) Assuming that this represents an implicit reason why New Gen waited to file its counterclaim, it fails to explain why it did not seek both dismissal and to assert its counterclaim either in the prior or current action. *See* 5C Arthur R. Miller & A. Benjamin Spencer, Fed. Prac. & Proc. Civ. § 1361 (3d ed. 2026).

2025 Op. pp. 3, 10.) Rather, it appears as though New Gen has been singularly focused on dismissing Silver Lining's claims in this District and the Western District of Oklahoma and, ultimately unsuccessful, has taken an if-you-cannot-beat-them-join-them approach. In this respect, it is New Gen that attempts to use equitable tolling "to facilitate gamesmanship" (New Gen Opp'n Br. p. 5) by seeking to piggyback on tolling it had previously opposed.

Nor am I persuaded by New Gen's appeal to fairness. As stated, the parties have navigated the years since their unsuccessful deal very differently. While Silver Lining has attempted to bring its claims since 2021 under two separate dockets, there is no indication that New Gen ever sought to assert its claim until the filing of its answer. I see no inequity in treating unequal circumstances unequally.

New Gen's counterclaim will therefore be dismissed. Further, because I find that the counterclaim is facially untimely and equitable tolling is unwarranted, leave to amend would be futile. Dismissal shall therefore be with prejudice. *See TransPerfect Holdings LLC v. Pincus*, Case No. 24–02218, 2025 WL 1691473, at *4 (3d Cir. June 17, 2025) (finding that the district court did not abuse its discretion in denying leave to amend time-barred claims).

## IV. CONCLUSION

For the foregoing reasons, Silver Lining's motion (Mot. Dismiss Countercl.) will be granted and New Gen's counterclaim (Answer p. 12) will be dismissed with prejudice. An appropriate order accompanies this opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 6, 2026